IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
AMBERLY BROWN,                        )  CV NO. 14-00354 HG-KSC
                                      )
              Plaintiff,              )
                                      )
         vs.                          )
                                      )
CITY AND COUNTY OF HONOLULU;          )
JEFFREY HEBERT; JOHN DOES 1-10;       )
JANE DOES 1-10; DOE                   )
CORPORATIONS 1-10; DOE                )
PARTNERSHIPS 1-10; DOE NON-           )
PROFIT ENTITIES 1-10; DOE             )
GOVERNMENTAL ENTITIES 1-10,           )
                                      )
              Defendants.             )
_____)
```

**ORDER ADOPTING, AS MODIFIED, MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT (ECF No. 15)**

**and**

**DENYING DEFENDANTS CITY AND COUNTY OF HONOLULU AND JEFFREY HEBERT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT (ECF No. 17)**

The action arises from a skydiving accident that occurred on November 5, 2013, that resulted in injuries to Plaintiff Amberly Brown.

Plaintiff claims that while she was descending during a skydive, a Honolulu Police Department helicopter flew beneath her and disrupted the airflow to her parachute, causing her to

1

quickly lose altitude and fall to the ground.

Plaintiff filed a Complaint in state court that was removed to this Court by Defendant City and County of Honolulu. Plaintiff filed a Motion requesting the Court remand proceedings to state court.

On February 26, 2015, the Magistrate Judge entered a Findings and Recommendation to Grant Plaintiff's Motion for Order Remanding Action to State Court. (ECF No. 15). Defendants City and County of Honolulu and Jeffrey Hebert object to the Findings and Recommendation. (ECF No. 17).

The Court **ADOPTS, AS MODIFIED**, the Magistrate Judge's February 26, 2015 Findings and Recommendation (ECF No. 15).

Defendants' Objections (ECF No. 17) are **DENIED**.

## PROCEDURAL HISTORY

On March 6, 2014, Plaintiff Amberly Brown filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii. (Def.'s Notice of Removal at ¶ 1, ECF No. 1).

On July 8, 2014, Plaintiff filed a First Amended Complaint. (First Amended Complaint, attached as Ex. A to Def.'s Notice of Removal, ECF No. 1-1).

On August 7, 2014, Defendant City and County of Honolulu removed the state court action to the federal district court. (ECF No. 1).

On December 24, 2014, Plaintiff filed PLAINTIFF'S MOTION FOR

ORDER REMANDING ACTION TO STATE COURT. (ECF No. 7).

On February 3, 2015, Defendants City and County of Honolulu and Jeffrey Hebert filed an Opposition to Plaintiff's Motion for Order Remanding Action to State Court. (ECF No. 11).

On February 10, 2015, Plaintiff filed a Reply. (ECF No. 12).

On February 19, 2015, Defendants submitted a filing of previously uncited authority in support of their Opposition. (ECF No. 13).

On February 24, 2015, the Magistrate Judge held a hearing on Plaintiff's Motion for Order Remanding Action to State Court. (ECF No. 14).

On February 26, 2015, the Magistrate Judge issued Findings and Recommendation to Grant Plaintiff's Motion for Order Remanding Action to State Court. (ECF No. 15).

On March 12, 2015, Defendants filed DEFENDANTS CITY AND COUNTY OF HONOLULU AND JEFFREY HEBERT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT. (ECF No. 17).

On March 26, 2015, Plaintiff filed PLAINTIFF AMBERLY BROWN'S RESPONSE TO DEFENDANTS CITY AND COUNTY OF HONOLULU AND JEFFREY HEBERT'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS OF MAGISTRATE FILED 3/12/15. (ECF No. 19).

**STANDARD OF REVIEW**

**Objections to a Magistrate Judge's Findings and Recommendation**

A magistrate judge may be assigned to prepare findings and recommendations for a district judge on a pretrial matter that is dispositive of a claim. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B). Any party may object to a magistrate judge's findings and recommendations, pursuant to United States District of Hawaii Local Rule 74.2.

If a party objects to the magistrate judge's findings or recommendations, the district court must review de novo those portions to which objection is made. United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge, or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

De novo review means the district court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009). The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 617-18 (9th Cir. 1989).

4

**Motion to Remand**

A motion to remand may be brought to challenge the removal of an action from state to federal court. 28 U.S.C. § 1447(c). Removal of a civil action from state court to the appropriate federal district court is permissible only if the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

There is a strong presumption against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The statute authorizing removal is strictly construed, and the removing party has the burden of establishing that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).

Absent diversity jurisdiction, removal is proper if a federal question is apparent on the face of the plaintiff's well-pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule makes the plaintiff the master of the claim, able to avoid federal jurisdiction by relying exclusively on state law. Id.

## ANALYSIS

### I. Plaintiff's First Amended Complaint Alleges Only State Law Causes of Action

Plaintiff Amberly Brown's First Amended Complaint contains allegations that on November 5, 2013, she was descending during a skydive when a Honolulu Police Department helicopter flew beneath her, interrupted her descent, and caused her to quickly fall to the ground. (First Amended Complaint at ¶¶ 11-12, attached as Ex. A to Defendant's Notice of Removal, ECF No. 1-1).

The Magistrate Judge construed Plaintiff's Complaint as stating state law causes of action for negligence, negligent hiring/retention, and negligent training/supervision. (Findings and Recommendation at p. 2, ECF No. 15).

Defendants object to the Magistrate Judge's characterization of Plaintiff's claims as "state law claims." Defendants argue that the allegations in Plaintiff's First Amended Complaint contain federal questions.

Federal question jurisdiction, pursuant to 28 U.S.C. § 1331, exists when a plaintiff's well-pleaded complaint establishes either (1) that federal law creates the cause of action or (2) that a state law claim "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities."

Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086-87 (9th Cir. 2009) (quoting Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)).

### A.  Plaintiff's Complaint Does Not Cite Any Federal Cause of Action or Implicate a Substantial Federal Issue

Plaintiff's First Amended Complaint does not cite any federal law.  Plaintiff cites only state law causes of action.

Defendants contend that although the First Amended Complaint does not identify particular laws or regulations, the factual allegations implicate the Federal Aviation Act, 49 U.S.C. § 40101 et seq. and its regulations.  (Objections at p. 7, ECF No. 17).

The use of a federal statute as a predicate for a state law cause of action does not necessarily transform that cause of action into a federal claim.  Nevada v. Bank of America Corp, 672 F.3d 661, 675 (9th Cir. 2012).

The United States Supreme Court, in Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 814-17 (1986), found there was no federal question jurisdiction, despite the reference to federal law within the state law negligence cause of action.  The Supreme Court held that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not provide federal question jurisdiction.  Id. at 817.

The Federal Aviation Act does not provide a federal cause of action for personal injury suits. Martin v. Midwest Express Holdings, Inc., 555 F.3d 806, 808 (9th Cir. 2009). A mere reference to the Federal Aviation Act is insufficient to confer federal question jurisdiction.

Federal District Courts within the jurisdiction of the Ninth Circuit Court of Appeals have consistently held that state law actions that reference violations of the Federal Aviation Act and its regulations do not confer federal question jurisdiction. S.M.N. ex rel. Martins v. Hageland Aviation Servs., 2011 WL 87366, *1-*3 (D. Alaska Jan. 11, 2011); Estate of Sesay v. Hawker Beechcraft Corp., 2011 WL 7501887, *4 (C.D. Cal. Dec. 9, 2011).

**B. Plaintiff's Citation to Federal Law in Her Settlement Demand Letter Does Not Confer Federal Question Jurisdiction**

The Defendants assert that Plaintiff's First Amended Complaint provides federal question jurisdiction because Plaintiff sent a settlement demand letter dated November 3, 2014, which alleges violations of the Federal Aviation Act and Federal Aviation Act Advisory Circulars. (Objections at p. 8, ECF No. 17; Letter dated November 3, 2014 from Ian L. Mattoch to Calvin Young, attached as Ex. C to Defendants' Opposition to Plaintiff's Motion to Remand, ECF No. 11-4). Defendants argue that the Plaintiff's settlement demand letter should be considered as

"other paper" in conjunction with her First Amended Complaint, pursuant to 28 U.S.C. § 1446(b)(3).

Even if the Court considers Plaintiff's Settlement Demand Letter as "other paper" for purposes of removal, the references to federal law in the November 3, 2014 Settlement Demand Letter do not confer this Court with federal question jurisdiction. The Federal Aviation Act does not provide a federal cause of action for personal injury claims and an allegation that the federal statute is an element of Plaintiff's negligence claim does not state a federal question. Merrell Dow Pharm. Inc., 478 U.S. at 817; Martin, 555 F.3d at 808.

The Magistrate Judge properly determined that Plaintiff's well-pleaded First Amended Complaint alleges only state law causes of action.

**II. Plaintiff's State Law Causes of Action Are Not Completely Preempted by the Federal Aviation Act**

The complete preemption doctrine provides an exception to the well-pleaded complaint rule. In certain cases, the preemptive force of federal law displaces any state law cause of action, and leaves room only for a federal claim for purposes of the well-pleaded complaint rule. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987).

Complete preemption re-characterizes a state law claim as a federal claim and operates to confer original federal subject

9

matter jurisdiction, notwithstanding the absence of a federal cause of action on the face of the complaint. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 23-24 (1983); Dennis v. Hart, 724 F.3d 1249, 1254 (9th Cir. 2013).

Complete federal preemption occurs when (1) Congress enacts a statute that explicitly preempts state law; (2) state law actually conflicts with federal law; or (3) federal law occupies a legislative field to such an extent that it is reasonable to conclude that Congress left no room for state regulation in that field. Chae v. SLM Corp., 593 F.3d 936, 941 (9th Cir. 2010).

Defendants object to the Magistrate Judge's Findings and Recommendation and argue that complete field preemption applies in this case. Defendants assert that the Federal Aviation Act and its regulations occupy the entire field of airspace management, aviation safety, and skydiving such that federal law displaces Plaintiff's state law causes of action. (Objections at p. 14, ECF No. 17).

The reasons stated in the Magistrate Judge's Findings and Recommendation are sound. Complete field preemption does not apply in this case.

### A. Plaintiff's Claims Are Not Subject to Complete Field Preemption

The Magistrate Judge correctly determined that Plaintiff's

state law causes of action are not completely preempted by federal law.

The Ninth Circuit Court of Appeals has found in several instances that the Federal Aviation Act and its regulations do not completely preempt the field such that a plaintiff may not bring a state law personal injury claim. See Gilstrap v. United Air Lines, Inc., 709 F.3d 995, 1004 (9th Cir. 2013).

In Martin v. Midwest Express Holdings, Inc., 555 F.3d 806, 808 (9th Cir. 2009), the Ninth Circuit Court of Appeals held that Congress did not intend to preempt all state law personal injury suits in the field of air travel. The appeals court found that the plaintiff's personal injury suit was not completely preempted because the Federal Aviation Act expressly preserves state remedies and contemplates tort suits for personal injury brought pursuant to state law. Id.

In a 2013 unpublished decision, the Ninth Circuit Court of Appeals directly addressed the issue of removal based on complete preemption pursuant to the Federal Aviation Act. Webb v. Desert Bermuda Dev. Co., 518 Fed. Appx. 521, 522 (9th Cir. May 9, 2013).[1] The appeals court held that the Federal Aviation Act does not create a federal cause of action for personal injury suits and "[c]onsequently, the complete preemption doctrine is

---

[1] The Magistrate Judge did not err by relying on the Webb decision pursuant to Fed. R. App. P., which allows citation of unpublished judicial decisions issued after January 1, 2007.

inapplicable here and does not provide a basis for removal." Id.

The Magistrate Judge also properly relied on the Ninth Circuit Court of Appeals' decision in Gilstrap v. United Air Lines in finding that there is no complete field preemption in this case. 709 F.3d at 1004. In Gilstrap, the appellate court held that the plaintiff's state law personal injury causes of action, including negligence, were not completely preempted by the Federal Aviation Act and its subsequent amendments. Id. The appeals court found that the Federal Aviation Act may, in fact, establish the applicable standards of care in the field of aviation safety, but held that the plaintiff's state law claims were not completely preempted. Id. at 1006. The Gilstap court explained that the Federal Aviation Act expressly preserves state remedies and state law damages actions will remain, even when state substantive standards are displaced. Id.

Defendants' Objections rely heavily on the decision in Ventress v. Japan Airlines, 747 F.3d 716, 722 (9th Cir. 2014). In Ventress, the Ninth Circuit Court of Appeals found that the plaintiff's claims for retaliation and constructive termination were preempted because they encroached upon the pervasiveness of federal regulations regarding pilot qualifications and medical fitness. Id. at 722-23. The appeals court found preemption applied as to the plaintiff's claims but acknowledged that state causes of action may remain available for claims involving the

12

Federal Aviation Act.  Id. at 723 n.4.

The Magistrate Judge properly distinguished the holding in Ventress. (Findings and Recommendation at pp. 11-12, ECF No. 15). The Magistrate Judge recognized that Ventress did not involve a personal injury claim and did not reach the issue of whether a negligence claim involving aviation safety is completely preempted.  Ventress did not involve a motion to remand and the decision did not acknowledge the prior holding in Gilstrap.

Defendants' reliance on a non-binding, out-of-circuit decision in Curtin v. Port Authority of New York, 183 F.Supp.2d 664, 672 (S.D.N.Y. 2002) as grounds for their Objections is not persuasive.

The Magistrate Judge properly determined that complete preemption did not apply and found there was not a basis for removal of Plaintiff's First Amended Complaint to federal court.

**B.   Ordinary Preemption Does Not Provide A Basis for Removal**

A defense of federal preemption to a state law claim is known as "ordinary preemption."  Ordinary preemption does not confer federal subject matter jurisdiction.  Moore-Thomas, 553 F.3d at 1244.  Ordinary preemption is distinct from complete preemption in that it is a defense and is not a basis for removal.  Id.; Metro. Life Ins. Co., 481 U.S. at 65.

The Magistrate Judge stated that ordinary preemption may

13

apply in this case, but correctly found that ordinary preemption does not provide a basis for removal. (Findings and Recommendation at pp. 4-5, 14, ECF No. 15).

The Magistrate Judge's Findings and Recommendation states that "Defendants appear to conflate ordinary preemption with conflict preemption." (Findings and Recommendation at p. 7, n.1). The Defendant's objection to this finding. As the Plaintiff points out in her Response, it is clear from the context that the Magistrate Judge intended to state: "Defendants appear to conflate ordinary preemption with *complete* preemption." (Response at p. 7 n.1, ECF No. 19).

The Court modifies the Magistrate Judge's Findings and Recommendation (ECF No. 15) and replaces "conflict" in line 2 of Footnote 1 on page 7 with "complete."

The Findings and Recommendation to Grant Plaintiff's Motion for an Order Remanding Action to State Court (ECF No. 15) is **ADOPTED, AS MODIFIED**.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 74.2, the "Findings and Recommendation to Grant Plaintiff's Motion For Order Remanding Action To State Court" (ECF No. 15) is **ADOPTED, AS MODIFIED, AS THE OPINION AND ORDER OF THIS COURT**. The Court modifies line 2 of Footnote 1 on page 7 of the Magistrate Judge's

14

Findings and Recommendation (ECF No. 15) and replaces "conflict" with "complete."

Defendants City and County of Honolulu and Jeffrey Hebert's Objections to Findings and Recommendation to Grant Plaintiff's Motion for Order Remanding Action to State Court (ECF No. 17) are **DENIED**.

The case and all files herein are **REMANDED** to the Circuit Court of the First Circuit, State of Hawaii for further proceedings.

IT IS SO ORDERED.

DATED: April 7, 2015, Honolulu, Hawaii.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

Amberly Brown v. City and County of Honolulu; Jeffrey Hebert; John Does 1-10; Jane Does 1-10, Doe Corporations 1-10; Doe Partnerships 1-10; Doe Non-Profit Entities 1-10; Doe Governmental Entities 1-10, Civ. No. 14-00354 HG-KSC; **ORDER ADOPTING, AS MODIFIED, MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT (ECF No. 15) and DENYING DEFENDANTS CITY AND COUNTY OF HONOLULU AND JEFFREY HEBERT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT (ECF No. 17)**